## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** LYUDMILA VINNIK ("Plaintiff") and CONCEPTS OF INDEPENDENCE, INC (Defendant) as follows:

**WHEREAS,** Plaintiff commenced an action in United States District Court, Southern District of New York on December 5, 2016 styled as *LYUDMILA VINNIK v. CONCEPTS OF INDEPENDENCE, INC*, Index No. 16-cv-9379 (hereinafter the "Action") in which she has asserted various claims and avers she is entitled to alleged overtime payments under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law ("NYLL"), as well as compensation for wage statement violations under the NYLL; and

**WHEREAS,** Defendant denies all of the material allegations asserted by Plaintiff and deny and continue to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff; and

**WHEREAS,** Plaintiff and Defendant, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving their FLSA disputes by entering into this Settlement Agreement (hereinafter, the "Agreement"):

**NOW, THEREFORE,** the Plaintiff and the Defendant hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1.      Without prejudice, in settlement of the FLSA claims asserted in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest, and attorneys' fees and costs, Defendant hereby agrees to cause to be paid to the Plaintiff as follows:

LYUDMILA VINNIK –one check in the amount of $2,000 minus the lawful deductions via W2 and a second check in the amount of $2,000 via Form 1099. VINNIK shall execute and return a W9 with this agreement.

NAYDENSKIY LAW GROUP - Eight Thousand Six Hundred Forty Dollars ($8,640.00) for attorney fees and costs.

The Company will make the payments described herein (collectively the "Settlement Funds") by sending the checks via overnight delivery to the Naydenskiy Law Firm LLC, 281 Summerhill Road, Suite 210, East Brunswick, NJ, 08816. Within the earlier of 5 days after the Agreement is approved by The Court or 5 days after the Court grants this case be discontinued without prejudice.

2.      Plaintiff hereby stipulates, acknowledges and understands that, in consideration of payment of the Settlement Funds, said payment constituting good and valuable consideration, Plaintiff hereby, acting on her own free will and volition, and on behalf of herself, heirs,

1

administrators, executors, representatives, successors and assigns, in their capacities as such, release the Defendant, without prejudice, their subsidiaries, affiliates, shareholders, owners, directors, officers, employees, agents, heirs, administrators, executors, representatives, successors and assigns, in their capacities as such, from any and all debts, obligations, claims, demands, orders, judgments or FLSA causes of actions that were asserted in the Action arising before the Effective Date of this Agreement.

3.    A.    Plaintiff understands and agrees that she has been advised that she has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement which includes a release of claims.

B.    Plaintiff understands and agrees that she has been advised to consult with her own attorney before signing this Agreement, and that she has done so by consulting Gennady Naydenskiy, Esq. of the Naydenskiy Law Firm LLC

4.    By entering into this Agreement, none of the parties hereby make any admission or concession of wrongdoing. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this Agreement (including all statements, admissions or communications) by the Parties, their attorneys, or representatives shall be considered admissions by any of the Parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly denies any liability to the Plaintiff arising out of or in connection with the Action. No Party hereto shall be deemed to be a prevailing party for any purpose.

5.    If any provision of this Agreement is determined by a court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

6.    In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

7.    By signing this Agreement, Defendant and Plaintiff know of no reason why their respective signatures would be ineffective in any way to bind them.

8.    This Agreement represents the entire agreement between Plaintiff and Defendant. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived,

except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

9.      This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

10.     This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic  and/or facsimile signatures shall be deemed as originals.

11.     For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Firm LLC, 281 Summerhill Road, Suite 210, East Brunswick, NJ, 08816.
For Defendant(s): Hermes Fernandez, Bond, Schoeneck & Bond, 22 Corporate Woods, Suite 501, Albany, NY, 12211.

Date:


_____

LYUDMILA VINNIK

Date: 12|6|208

_____
CONCEPTS OF INDEPENDENCE, INC

By: ANTHONY G. CARUTO, CEO

except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

9.  This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

10.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

11.  For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff(s): Gennadiy Naydenskiy, Naydenskiy Law Firm LLC, 281 Summerhill Road, Suite 210, East Brunswick, NJ, 08816.
For Defendant(s): Hermes Fernandez, Bond, Schoeneck & Bond, 22 Corporate Woods, Suite 501, Albany, NY, 12211.

Date:  12/17/18

_L. Vinnik_
LYUDMILA VINNIK

Date:

_____

CONCEPTS OF INDEPENDENCE, INC

By: _____

3